[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY
This cause is an accelerated appeal in which defendant-appellant, Samantha Rumer, appeals her forgery convictions in the Fayette County Court of Common Pleas.[1] Appellant's first assignment of error alleges that the trial court erred by overruling her Crim.R. 29 motion. The assignment of error is overruled as the state presented sufficient evidence which, if believed by the trier of fact, would prove the elements of forgery beyond a reasonable doubt. See State v. Bridgeman
(1978), 55 Ohio St.2d 261, syllabus and State v. Jenks (1991), 61 Ohio St.3d, paragraph two of the syllabus. Appellant also alleges that the verdict is against the manifest weight of the evidence. Appellant contends that the testimony of the state's handwriting expert, who stated that based on a handwriting analysis, appellant was "probably" the person who forged the checks, is legally insufficient to support her conviction. The assignment of error is overruled on the basis of Statev. Thompkins (1997), 78 Ohio St.3d 380 and State v. DeHass (1967),10 Ohio St.2d 230, paragraph one of the syllabus. It is the province of the trier of fact to determine the weight to be given to the evidence and testimony. Id. Appellant's second assignment of error alleges that she received ineffective assistance of counsel. Specifically, appellant contends that trial counsel was ineffective for failing to object to the trial court's jury instruction defining "reasonable doubt." Appellant contends that the definition provided by the trial court is unconstitutional. The assignment of error is overruled. The trial court provided the jury with the definition of reasonable doubt contained in R.C. 2901.05(D). The Ohio Supreme Court has held that this definition provides a constitutionally adequate instruction on reasonable doubt.State v. Awkal (1996), 76 Ohio St.3d 324. Accordingly, appellant has failed to show the prejudice necessary to prevail on a claim of ineffective assistance of counsel. The judgment of the trial court is hereby affirmed.
Pursuant to App.R. 11.1(E), this entry shall not be relied upon as authority and shall not be published in any form.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27.
Costs to be taxed in compliance with App.R. 24.
James E. Walsh, Presiding Judge, Stephen W. Powell, Judge, and Anthony Valen, Judge, concur.
[1] Pursuant to Loc.R. 6(A), we have sua sponte assigned this appeal to the accelerated calendar.